UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FABIAN ROBERTO RIVERA-

PLACENCIA,

                Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

                Respondents.

Case No. 2:26-cv-02301-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Fabian Roberto Rivera-Placencia, a citizen of Mexico, entered the United States without inspection and has resided in this country since approximately 2006. Dkt. 1 ¶ 13. He was apprehended by Department of Homeland Security officials in June 2026 and is currently detained at the Northwest ICE Processing Center in Tacoma, Washington. *Id.* ¶¶ 1, 13. He has not received a bond hearing to determine if he can be released pending his removal proceedings. Dkt. 7 at 5.

On July 1, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a), and in the alternative that his

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

detention without bond violates due process. Dkt. 1 ¶¶ 26–37. On July 16, Federal Respondents filed a return to the habeas petition. Dkt. 7. Petitioner filed a traverse the same day. Dkt. 10. Because Petitioner's mandatory detention violates the INA, the Court GRANTS the habeas petition.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class. Dkt. 7 at 2.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.   The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.   Within fourteen days of receiving Petitioner Fabian Roberto Rivera-Placencia's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.   If Petitioner is released, Respondents must return to the Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.   Nothing in this order prevents an Immigration Judge from granting a request from Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 24th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3